Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000327
16-MAY-2019
08:00 AM

NO. CAAP-18-0000327

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
MICHAEL A. WRIGHT, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1PC161001452)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Hiraoka, JJ.)

Defendant-Appellant Michael A. Wright (**Wright**) appeals from the March 15, 2018 Judgment of Conviction and Sentence (**Judgment**) entered by the Circuit Court of the First Circuit (**Circuit Court**).[1] Wright was convicted of one count of Sexual Assault in the First Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-730(1)(c) (2014)[2] (Count 1), and two counts

---

[1] The Honorable Shirley M. Kawamura presided.

[2] HRS § 707-730 states, in relevant part:

§ 707-730 **Sexual assault in the first degree.** (1) A person commits the offense of sexual assault in the first degree if:
. . . .
(c) The person knowingly engages in sexual penetration with a person who is at least fourteen years old but less than sixteen years old; provided that:
(i) The person is not less than five years older than the minor; and

(continued...)

of Sexual Assault in the Third Degree, in violation of HRS § 707-732(1)(b) (2014)[3] (Counts 3 and 6).

Wright raises three points of error on appeal, contending that the Circuit Court:  (1) erred in denying Wright's motion for judgment of acquittal after the close of the State's case; (2) erred in entering its judgment of guilty because the jury's verdict of acquittal as to Counts 4 and 5 was inconsistent with the guilty verdict; and (3) there was insufficient evidence to prove Wright's guilt beyond a reasonable doubt.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Wright's points of error as follows:

(1)  Wright argues that the Circuit Court erred in denying his motion for judgment of acquittal after the close of the State's case with respect to Count 3 of the Indictment, Sexual Assault in the Third Degree, because there was insufficient evidence to find him guilty of that charge.  Wright frames his argument as a challenge to the denial by the Circuit Court of his motion for judgment of acquittal after the close of

---

[2](...continued)
           (ii)   The person is not legally married to the minor[.]

[3]     HRS § 707-732 states, in relevant part:

**§ 707-732 Sexual assault in the third degree.**
(1) A person commits the offense of sexual assault in the third degree if:
. . . .
(b) The person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person[.]

2

the State's case. However, after the Circuit Court denied the motion, Wright called his own witnesses and testified on his own behalf. "It is well established that when a defendant presents evidence after the denial of his or her motion for judgment of acquittal at the close of the government's case-in-chief, the defendant thereby waives any error in the trial court's denial of the motion." State v. Souza, 119 Hawai'i 60, 73, 193 P.3d 1260, 1273 (App. 2008) (citing State v. Mitsuda, 86 Hawai'i 37, 38 n.3, 947 P.2d 349, 350 n.3 (1997); State v. Kreps, 4 Haw. App. 72, 75, 661 P.2d 711, 714 (1983)). We therefore review the sufficiency of the evidence after the presentation of all of the evidence. See id.

Count 3 of the Indictment charged that "[o]n or about July 22, 2010, to and including July 21, 2013 . . . Wright did knowingly engage in sexual penetration with [Minor] . . . by inserting his penis into her mouth," a violation of HRS § 707-730(1)(c), Sexual Assault in the First Degree. A person commits Sexual Assault in the First Degree under that section if the person "knowingly engages in sexual penetration with a person who is at least fourteen years old but less than sixteen years old;" provided that (i) "[t]he person is not less than five years older than the minor," and (ii) "[t]he person is not legally married to the minor." HRS § 707-730(1)(c). "Sexual Penetration" is defined as:

> (1) Vaginal intercourse, anal intercourse, fellatio, deviate sexual intercourse, or any intrusion of any part of a person's body or of any object into the genital or anal opening of another person's body; it occurs upon any penetration, however slight, but emission is not required. As used in this definition, "genital opening" includes the anterior surface of the vulva or labia majora; or

(2) Cunnilingus or anilingus, whether or not actual penetration has occurred.

HRS § 707-700 (2014).

However, the jury found Wright guilty of the lesser included offense of Sexual Assault in the Third Degree under HRS § 707-732(1)(b). A person commits Sexual Assault in the Third Degree if the person "knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person." HRS § 707-732(1)(b). "Sexual contact" is defined as "any touching, other than acts of 'sexual penetration', of the sexual or other intimate parts of a person not married to the actor, or of the sexual or other intimate parts of the actor by the person, whether directly or through the clothing or other material intended to cover the sexual or other intimate parts." HRS § 707-700 (2014).[4] "Thus, the only difference [between first and third degree sexual assault] is that the former calls for an act of 'sexual penetration' and the latter requires only 'sexual contact.'" State v. Abdon, CAAP-13-0000086, 2014 WL 4800994, at *6 (Haw. App. Sept. 26, 2014) (mem. op) (citing State v. Behrendt, 124 Hawai'i 90, 108, 237 P.3d 1156, 1174 (2010)).

Wright was charged under Count 3 with Sexual Assault in the First Degree but was convicted of the lesser included offense of Sexual Assault in the Third Degree. Thus, the jury found that Wright was guilty of "sexual contact" rather than "sexual

_____

[4] The definition of "sexual contact" in HRS § 707-700 has subsequently been amended, but as the alleged acts occurred in the years 2010 to 2013, the current definition is inapplicable.

penetration" on that count.  See id.  Wright argues that the evidence at trial to support Count 3 was testimony of the Minor that Wright forced her to engage in oral sex.  Wright submits that because he was acquitted of the first-degree offense, that "no reasonable permutation of the facts would lead a reasonable person to conclude guilt if one could not find fellatio had occurred."  We reject this argument.

> In Behrendt, the Hawai'i Supreme Court held that it was not error to instruct the jury on the lesser-included offense of sexual assault in the third degree where there was evidence of sexual penetration rather than sexual contact because there was a rational basis for the court to instruct the jury on third degree sexual assault.  Behrendt, 124 Hawai'i at 109-10, 237 P.3d at 1175-76.  The minor victim (SI) testified that she and Behrendt repeatedly engaged in sexual intercourse, while "Behrendt denied having had any sexual interactions with SI."  Behrendt, 124 Hawai'i at 99, 109-10, 237 P.3d at 1165, 1175-76.  The Hawai'i Supreme Court reasoned that:

>> Although [SI's] testimony indicates that there were incidents of sexual penetration between SI and Behrendt, which would support a conviction for sexual assault in the first degree, a rational juror could have inferred that there was "sexual contact" prior to the penetration, i.e., that there was "touching" of "the sexual or other intimate parts" of SI, such as SI's genitalia, buttocks, or other intimate parts, either directly or through clothing, or that SI touched Behrendt's "sexual or other intimate parts." This testimony, therefore, provided a rational basis to instruct the jury on sexual assault in the third degree[.]

> Behrendt, 124 Hawai'i at 110, 237 P.3d at 1176 (internal citations omitted).

Abdon, 2014 WL 4800994, at *7.  Therefore, when a complaining witness testifies that a defendant has committed an act of "sexual penetration," the trial court must also instruct the jury on the lesser included offense as it is a rational inference that "sexual contact" also occurred.  Id.  A jury can infer from testimony regarding acts of sexual penetration that acts of sexual contact occurred.  Id.

Minor testified that Wright aggressively pushed her head down until his penis was in her face and that she tried to turn away but Wright pushed her head into his penis. Minor then testified that she put his penis in her mouth. This is sufficient evidence to support the jury's finding that during this incident Wright intentionally subjected Minor to "sexual contact." Thus, we conclude that Wright's first point of error has no merit.

(2) Wright argues the Circuit Court erred in entering its judgment of guilty with respect to Count 6 of the Indictment, Sexual Assault in the Third Degree, because the jury's verdict was inconsistent with the jury's acquittal of Wright on Count 4 of the Indictment.

Counts 4 and 6 charged violations of HRS § 707-732(1)(b), Sexual Assault in the Third Degree, over the same time period, "July 22, 2010, to and including July 21, 2013" and each charged that Wright had knowingly subjected Minor to "sexual contact". Count 4 charged that Wright had knowingly made sexual contact by "placing his hand on [Minor's] genitalia." Count 6 charged that Wright had knowingly made sexual contact by "placing his hand on [Minor's] breast." At trial, Minor testified that Wright touched Minor on her breasts and vagina with his hands both over and under her clothing while she was under fourteen years of age.

The jury acquitted Wright on Count 4 (hand on genitalia) but convicted him of Count 6 (hand on breast). Wright argues that he completely denied these allegations and the jury

6

was required to either find Minor credible and convict him of both offenses or not credible and acquit him of both. Wright argues the conviction on one and the acquittal on the other renders the verdicts inconsistent.

Generally, in the criminal context, an inconsistent verdict is not, *per se*, grounds for reversal. See Briones v. State, 74 Haw. 442, 474, 848 P.2d 966, 981 (1993) (Levinson, J., concurring) (citations omitted); see also State v. Moses, CAAP-15-0000499, 2017 WL 6547462, at *6-*7 (Haw. App. Dec. 22, 2017) (mem. op.) (explaining that inconsistent verdict does not provide basis for review but declining to address issue as verdicts were not inconsistent). In the civil context, a verdict must be "irreconcilably inconsistent" to warrant a new trial. See Moses, 2017 WL 6547462, at *7 (citing Shanghai Inv. Co. v. Alteka Co., 92 Hawai'i 482, 496, 993 P.2d 516, 530 (2000)).

In this case, however, we conclude that the verdicts were not inconsistent. It is well-settled that the finder of fact "may accept or reject any witness's testimony in whole or in part." State v. Martinez, 101 Hawai'i 332, 340, 68 P.3d 606, 614 (2003) (quoting State v. Birdsall, 88 Hawai'i 1, 9, 960 P.2d 729, 737 (1998)). "It is not the role of the appellate court to weigh credibility or resolve conflicting evidence." State v. Tetu, 139 Hawai'i 207, 226, 386 P.3d 844, 863 (2016) (citation omitted). The jury was free to believe part of Minor's testimony that Wright had put his hand on Minor's breast and not believe that he had touched her genitalia. An acquittal on Count 4 was not

impermissibly inconsistent with a conviction on Count 6. Thus, we reject Wright's second point of error.

(3) Wright argues there was insufficient evidence at trial to prove beyond a reasonable doubt that he was guilty of Count 1 of the Indictment, which charged a violation of HRS § 707-730(1)(c), Sexual Assault in the First Degree. Count 1 charged that "[o]n or about July 22, 2013, to and including July 21, 2015 . . . Wright did knowingly engage in sexual penetration with [Minor] . . . by inserting his penis into her genital opening. . . ."

Minor testified that after she had turned fourteen, when she was in ninth grade, Wright had sex with her. Minor testified that they had sex additional times thereafter. Minor repeatedly testified that she had sex with Wright after she turned fourteen years of age. The evidence showed Wright was not married to Minor and that he was more than five years older than Minor. The evidence was sufficient to sustain a conviction for Sexual Assault in the First Degree.

Wright's argument appears to be that the jury was confused and failed to follow the court's unanimity instruction. Wright also argues that the jury's findings are inconsistent. These arguments are based upon Wright's construction regarding the jury's reasons for acquitting him of third-degree sexual assault in Counts 4 and 5 yet convicting of third-degree sexual assault under Count 3. None of Wright's arguments explicitly address his third point of error, which challenges the sufficiency of the evidence to support a conviction under Count

1.  Rather, Wright submits that the "incoherent view of this case" and the inconsistency between finding guilt on some counts, but not on others, all based on the Minor's testimony, indicates that the jury disregarded the court's instructions and requires a new trial. As explained above, inconsistent verdicts are not necessarily grounds for reversal. See Briones, 74 Haw. at 474, 848 P.2d at 981 (Levinson, J., concurring). Moreover, the jury was free to believe or disbelieve any parts of Minor's testimony, see Martinez, 101 Hawai'i at 340, 68 P.3d at 614, or find that a certain element of the offense had not been proven beyond a reasonable doubt, see HRS § 701-114 (2014).[5] Each of the counts in the Indictment alleged discrete acts of sexual assault. That the jury found some discreet acts of sexual assault to be proved and others not proved does not create "inconsistent findings" and much less an "irreconcilable verdict." See Moses, 2017 WL 6547462, at *6-*7.

Therefore, we reject Wright's third point of error.

---

[5] HRS § 701-114 states:

§ 701-114 Proof beyond a reasonable doubt. (1) Except as otherwise provided in section 701-115, no person may be convicted of an offense unless the following are proved beyond a reasonable doubt:
(a) Each element of the offense;
(b) The state of mind required to establish each element of the offense;
(c) Facts establishing jurisdiction;
(d) Facts establishing venue; and
(e) Facts establishing that the offense was committed within the time period specified in section 701-108.
(2) In the absence of the proof required by subsection (1), the innocence of the defendant is presumed.

For these reasons, the Circuit Court's March 15, 2018 Judgment is affirmed.

DATED: Honolulu, Hawai'i, May 16, 2019.

On the briefs:

William A. Harrison,
(Harrison & Matsuoka),
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge